Marian F. Harrison
US Bankruptcy Judge

Dated: 10/19/09



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GREGORY SCOTT DAILY, ) | CASE NO. 309-05337 |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | JUDGE MARIAN F. HARRISON |
| ) | |

_____

## MEMORANDUM OPINION
_____

This matter came before the Court upon Auerbach Acquisition Associates, Inc.'s (hereinafter "Auerbach") motion to appoint a Chapter 11 Trustee. After a full evidentiary hearing, the Court requested that the parties file proposed findings. After further reflection on the record of the hearing, the Court has determined that proposed findings of fact and conclusions of law are not necessary and should not be submitted.

For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the motion is not well taken. At the same time, the Court finds that additional duties should be imposed upon the debtor to ensure that the best interests of creditors and the estate are protected.

## I. PROCEDURAL BACKGROUND

This bankruptcy is basically a two-party dispute. In 2002, Auerbach filed a complaint against the debtor (and others) in Los Angeles County Superior Court, Central District (hereinafter "State Court"). After over six years of litigation and a five-month jury trial, the jury returned a verdict in favor of Auerbach and against the debtor. The jury specifically found that the debtor committed intentional misrepresentation, fraudulent concealment, interference with existing contract, and interference with prospective economic advantage. In doing so, the jury awarded $300 million in compensatory damages. Because the jury made findings of malice and fraud during the compensatory phase of trial, a second phase was necessary to determine the amount of punitive damages, if any, to impose against the debtor. Before Auerbach could depose the debtor regarding his net worth and before the punitive phase of the trial could begin, the debtor filed his voluntary Chapter 11 case on May 11, 2009. The debtor testified that he filed for bankruptcy protection in part to send a message to the jury regarding his ability to pay, as well as to avoid an appeal bond.

Once the bankruptcy petition was filed, Auerbach filed an expedited motion for relief from the automatic stay in order to proceed in State Court. A hearing was set on the motion, however, the parties reached an agreement prior to that time. Accordingly, the punitive phase in the State Court action was held, and the jury awarded Auerbach an additional $50 million in punitive damages. On July 13, 2009, the State Court exercised its right as the "thirteenth juror" to deny the debtor's requests for a mistrial, confirmed the jury's findings, and entered

the judgment against him. According to the debtor's testimony, he filed his notice of appeal within the last week. No appeal bond was posted because of the pending bankruptcy.

## II. ARGUMENTS

Auerbach argues that a Chapter 11 Trustee is necessary to ensure that the estate can be properly and fairly administered for the benefit of all creditors. Auerbach points to the timing of the petition filing and the debtor's circumvention of the need to file an appeal bond in the California case. In addition, Auerbach cites the debtor's failure to provide complete and accurate information in his Schedules and Statements, the debtor's refusal to take any steps to pursue any avoidance actions on behalf of the estate at this time, the debtor's excessive spending, and the State Court judgment against the debtor for prior misconduct.

In response, the debtor asserts that the appointment of a Chapter 11 Trustee may create enormous costs in increased interest for iPayment, Inc. (hereinafter "iPayment"), where the debtor is CEO and director, by potentially triggering a "change of control" clause in iPayment's loan agreements. The increased costs, if actualized, could significantly decrease the value of the debtor's interest in iPayment which would ultimately hurt the estate and creditors. The debtor also argues that any discrepancies in listing assets are minor, that the California judgment based on fraud is not final nor is it relevant to the competency of the debtor and the administration of the case, and that assertions of "bad faith" filing are more appropriately addressed in a motion to dismiss.

At the end of the evidentiary hearing, the U.S. Trustee stated his position that a Chapter 11 Trustee should not be appointed. The U.S. Trustee argued that the debtor has complied with all the requirements of a Chapter 11 debtor-in-possession and that the proof did not justify the expense of appointing a Chapter 11 Trustee. The U.S. Trustee noted that issues regarding bad faith were better addressed at the confirmation hearing.

### III.  DISCUSSION

Whether to appoint a Chapter 11 Trustee is controlled by 11 U.S.C. § 1104(a), which provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee–
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

The appointment of a Trustee is the exception rather than the rule in Chapter 11 cases and is an extraordinary remedy available to creditors. Thus, the movant must support such a motion with evidence that is clear and convincing. *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 670 (Bankr. W.D. Tenn. 1989) (citations omitted). "For evidence to be 'clear and convincing' it must 'produce[ ] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" *In re Nat'l Staffing Serv., LLC*, 338 B.R. 31, 33 (Bankr. N.D. Ohio 2005) (citing *Cruzan by Cruzan v. Director, Missouri Dept. of Health,* 497 U.S. 261, 285 n.11 (1990)). While the final decision to appoint a trustee rests in the sound discretion of the Court, there exists a strong presumption that the debtor should continue in possession. *In re H&S Transp. Co., Inc.*, 55 B.R. 786, 790 (Bankr. M.D. Tenn. 1982) (citations omitted).

Under 11 U.S.C. § 1104(a)(1), if cause is found, appointment of a Chapter 11 Trustee is mandatory. *See In re Plaza De Retiro, Inc.,* ___ B.R. ___, 2009 WL 2922831, at *6 (Bankr. D.N.M. Aug. 13, 2009) (citations omitted). Cause includes fraud, dishonesty, incompetence, gross mismanagement, or other similar actions. *In re Nartron Corp.*, 330 B.R. 573, 592 (Bankr. W.D. Mich. 2005). Factors that have been considered include materiality of misconduct, evenhandedness or lack thereof in dealings with insiders and affiliated entities

in relation to other creditors, the existence of pre-petition voidable preferences or fraudulent conveyances, unwillingness or inability of the debtor-in-possession to pursue estate causes of action, conflicts of interest on the part of the debtor-in-possession interfering with its ability to fulfill fiduciary duties, and self-dealing or squandering of estate assets. *Id.* (citations omitted). A court may consider both the pre-and post-petition misconduct of the current management when making a determination that "cause" exists for the appointment of a Chapter 11 Trustee. *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 86 (Bankr. S.D.N.Y. 2007) (citation omitted).

### **Allegations of Prior Misconduct**

The debtor's actions that led to the State Court judgment appear to be serious, but they occurred some eight years ago. These past acts have ultimately resulted in the debtor becoming a Chapter 11 debtor, and no clear and convincing evidence was presented to show that the debtor has attempted or will attempt similar misconduct now with Auerbach, the U.S. Trustee, and this Court scrutinizing his actions. As pointed out by the U.S. Trustee, virtually every insolvency case involves some degree of mismanagement, and the debtor's past acts do not justify the appointment of a Chapter 11 Trustee at this time. *See In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001). The main focus is the debtor's current activities, and here, the debtor has discussed the case with the U.S. Trustee, and he has timely filed his Schedules and Statements, as well as his monthly operating reports. The

6 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:09-bk-05337    Doc 134    Filed 10/19/09    Entered 10/19/09 10:57:04    Desc Main
Document      Page 6 of 12

expense of a Chapter 11 Trustee is simply not necessary. The Chapter 11 process itself is sufficient to protect the interests of the estate and creditors.

### **Allegations of Bad Faith Filing**

The debtor admitted that he filed for bankruptcy protection to send a message to the jury in the State Court action regarding his personal assets and to avoid having to pay an appeal bond. Auerbach has not presented, and this Court has been unable to find, any cases where a Chapter 11 Trustee was appointed because the debtor sought to avoid the effect of litigation in another court by filing for bankruptcy protection. Instead, determining whether a Chapter 11 petition filed in response to an adverse judgment which the debtor seeks to appeal is a "bad faith" filing is considered in the context of a motion to dismiss. ***See, e.g., In re Mohyee,*** 2009 WL 764527 (Bankr. N.D. Cal. 2009). Many of these cases have held that courts should dismiss on bad faith grounds "with great caution." ***Carolin Corp. v. Miller,*** 886 F.2d 693, 694 (4th Cir. 1989). In the present case, there has been no motion to dismiss, and the issue of bad faith is better addressed at confirmation.

## Failure to Disclose Assets on Schedules and Statements

The testimony showed that the debtor significantly undervalued some properties and that some interests in property may not have been properly acknowledged. However, these errors can be rectified with the debtor promptly amending his Schedules and Statements. Any errors do not rise to the level of requiring the appointment of a Trustee at this stage. Moreover, the debtor claims that a significant amount of assets (approximately $5.7 million in jewelry and art) were gifts to his wife and, as such, he has no interest. Concerns regarding these assets can be addressed if and when a trust is created to pursue fraudulent conveyances.

## Failure to Pursue Fraudulent Conveyance Claims

With the State Court action pending, the debtor contends that it is premature to address the issue of fraudulent conveyances. The Court finds that it is reasonable to address this matter in the debtor's proposed plan. In many Chapter 11 cases, debtors set up a trust through the plan with the authority to pursue any preference or fraudulent conveyance actions for the benefit of creditors. Here, the debtor testified that under his plan of reorganization, he intends to transfer any avoidance powers that he has to an independent trust for the benefit of creditors, thus enabling the trust to pursue any alleged fraudulent transfers that may have occurred. The timing of the trust's creation will be addressed at confirmation.

## Dissipating Estate Assets

The debtor has hired a team of attorneys to address the many facets of the State Court litigation. Auerbach's objections to the employment of these professionals have already been resolved, and the applications have been approved. Further objections to these expenses are more appropriately addressed when applications for fees and expenses are submitted. The same is true regarding the sale of the debtor's wine collection. This matter has previously been resolved by an agreed order. As to the debtor's operating expenses, a Chapter 11 Trustee is not needed to provide another level of monitoring. The debtor has timely filed his monthly operating reports, and there is no allegation that these reports have been inaccurate or incomplete. At the same time, the debtor needs to realistically prepare for the possibility that the State Court judgment will be affirmed and that Auerbach's claim is an allowed, non-dischargeable claim.

Admittedly, the debtor is not required to completely alter his lifestyle. However, he must be conscientious of the responsibilities that come with invoking the protection of the bankruptcy court. Accordingly, as set forth below, the Court is requiring the debtor to prepare and file monthly budgets at or before the beginning of each month. The Court is also requiring that the debtor set up an account for the trust and begin contributing excess funds to that account monthly. Finally, the Court is also ordering the debtor to refrain from giving gifts to individuals or institutions (a contentious topic during proof) and to refrain from buying art, automobiles, and other nonessential items without further order of the Court.

**Best Interest Test**

The best interest test, under 11 U.S.C. § 1104(a)(2), requires the Court to make a determination based on what is in the best interest of creditors, equity holders, and other interests of the estate. *See In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 675 (citations omitted). Under this subsection, the Court may utilize its broad equitable powers to engage in a cost-benefit analysis in order to determine whether the appointment of a trustee is in the best interest of the creditors, equity holders, and other interests of the estate. *In re H&S Transp. Co., Inc.,* 55 B.R. 786, 790 (citation omitted). Essentially, the Court must undertake a cost-benefit analysis to determine, under general principles of equity, whether it would be in the best interests of the creditors, equity security holders, and other interests of the estate to leave the debtor in control or appoint a Chapter 11 Trustee. *In re Nat'l Staffing Serv., LLC*, 338 B.R. 31, 34 (citation omitted).

Under 11 U.S.C. § 1104(a)(2), a creditor, no matter how dominant, cannot justify the appointment of a trustee simply because it would be in its own interests. It must show that the appointment is in the interests of all those with a stake in the estate, which includes the debtor and his family. *See In re Sletteland*, 260 B.R. 657, 672. The Court finds that the cost of appointing a Chapter 11 Trustee would provide no benefit. Again, the confirmation process is a better venue for addressing the issues raised by Auerbach.[1]

---

[1] 11 U.S.C. § 1104(a)(3) applies only when it has already been determined that a case should be dismissed or converted. 7 ***Collier on Bankruptcy*** ¶ 1104.02[3][e] (Alan N. Resnick & Henry J.

10 - U.S. Bankruptcy Court, M.D. Tenn.

## IV. **CONCLUSION**

Accordingly, the motion to appoint a Chapter 11 Trustee is denied at this time. While denying this motion, the Court remains concerned about the debtor's conduct. However, the debtor should be given an opportunity to file a plan and amend his schedules as necessary, and these issues are better addressed in the context of a confirmation hearing. In light of the Court's concerns, certain additional requirements shall be met:

1. No further extension of the exclusivity period will be granted. The debtor shall file his plan on or before November 2, 2009.

2. The debtor shall have 10 days from the entry of this Memorandum Opinion and simultaneously filed Order in which to amend his Statements and Schedules. Should any further discrepancies come to light, the debtor has a duty to file amendments in a timely manner.

3. In addition to the required monthly operating report, the debtor shall file a proposed monthly budget, beginning with a budget for November 2009. The proposed budgets shall be filed at or before the beginning of each month.

---

Sommer eds., 15th ed. rev.). A request to dismiss or convert the case is not before the Court, and therefore, this subsection does not apply.

11 - U.S. Bankruptcy Court, M.D. Tenn.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.