Marian F. Harrison
US Bankruptcy Judge

Dated: 01/11/10



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GREGORY SCOTT DAILY, | ) CASE NO. 309-05337 |
| | ) CHAPTER 11 |
| Debtor. | ) |
| | ) JUDGE MARIAN F. HARRISON |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter came before the Court upon the debtor's motion to disallow the claim of Auerbach Acquisition Associates, Inc.'s (hereinafter "Auerbach"). For the following reasons, the Court denies the debtor's motion and reserves all other issues for confirmation.

### I. PROCEDURAL BACKGROUND

This bankruptcy is basically a two-party dispute. In 2002, Auerbach filed a complaint against the debtor (and others) in Los Angeles County Superior Court, Central District (hereinafter "State Court"). After more than six years of litigation and a five-month jury trial, the jury returned a verdict in favor of Auerbach and against the debtor. The jury specifically found that the debtor committed intentional misrepresentation, fraudulent concealment, interference with existing contract, and interference with prospective economic

advantage. In doing so, the jury awarded $300,000,000 in compensatory damages. Because the jury made findings of malice and fraud during the compensatory phase of the trial, a second phase was necessary to determine the amount of punitive damages, if any, to impose against the debtor. Before Auerbach could depose the debtor regarding his net worth and before the punitive phase of the trial could begin, the debtor filed his voluntary Chapter 11 case on May 11, 2009.

Once the bankruptcy petition was filed, Auerbach filed an expedited motion for relief from the automatic stay in order to proceed in State Court. A hearing was set on the motion, however, the parties reached an agreement prior to that time. Accordingly, the punitive phase in the State Court action was held, and the jury awarded Auerbach an additional $50,000,000 in punitive damages. On July 13, 2009, the State Court exercised its right as the "thirteenth juror" to deny the debtor's requests for a mistrial, confirmed the jury's findings, and entered the judgment against him. The debtor filed a notice of appeal but did not post an appeal bond because of the pending bankruptcy.

On July 14, 2009, Auerbach filed a proof of claim based on the lawsuit currently pending in State Court. Specifically, the proof of claim is for $300,000,000 in compensatory damages; $50,000,000 in punitive damages; $5,178,082.14 in interest as of July 13, 2009, on the compensatory damages award; and $808,219.17 in interest as of July 13, 2009, on the

punitive damages award, all of which was awarded in the judgment entered against the debtor on July 13, 2009, in State Court.

On September 18, 2009, the debtor filed this motion to disallow Auerbach's claim, and a hearing on the motion was held on December 16, 2009.

## II. ARGUMENTS

At the hearing and in his post-hearing pleading, the debtor asserts that he is not seeking a determination that the claim be disallowed. Instead, the debtor contends that any hearing on the allowance of the claim should be consolidated with Auerbach's adversary action seeking a finding that its claim is nondischargeable. However, the debtor opposes Auerbach's request that its claim be allowed as a matter of law on the grounds that such judgment is not entitled to full faith and credit by this Court.

Auerbach contends, among other things, that under California law, the State Court judgment is fully enforceable unless and until the debtor posts an appeal bond to stay such enforcement. Because the debtor did not post an appeal bond, Auerbach submits that the claim is allowable in this bankruptcy case.

### III. DISCUSSION

Pursuant to 11 U.S.C. § 502(a), a proof of claim "is deemed allowed, unless a party in interest . . . objects." If an objection is made, the Court, after notice and a hearing, is to determine the amount of the claim as of the date of the petition and allow the claim in such amount, except to the extent that "such claim is ***unenforceable*** against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1) (emphasis added).

Under Fed. R. Bankr. P. 3001(f), a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If an objection is filed, the objecting "party bears the burden of presenting evidence to rebut the creditor's claim and of producing evidence to refute at least one of the elements essential to the claim's legal sufficiency, at which point the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence." ***French v. Am. Gen. Fin. Serv. (In re French)***, 401 B.R. 295, 308 (Bankr. E.D. Tenn. 2009) (citation omitted).

It is generally presumed "that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." ***Travelers Cas. & Sur. Co. of***

4 - U.S. Bankruptcy Court, M.D. Tenn.

*Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007). In the present case, California law is applicable. Pursuant to California law, the fact that an appeal is pending does not make the judgment unenforceable. To the contrary, under California law, possessors of such a judgment can levy and execute on assets of the judgment debtor absent a stay of some sort. *In re Audre, Inc.,* 202 B.R. 490, 492 (Bankr. S.D. Cal. 1996) (citing *In re Casey*, 198 B.R. 910, 916 (Bankr. S.D. Cal. 1996)).[1] Specifically, Cal. Civ. Proc. Code § 917.1 (West 2009), provides in relevant part that "[u]nless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for . . . [m]oney or the payment of money." An undertaking or bond is required as a means "'to protect the judgment won in the trial court from becoming uncollectible while the judgment is subjected to appellate review.'" *Leung v. Verdugo Hills Hosp.,* 85 Cal. Rptr. 3d 203, 207 (Cal. Ct. App. 2008) (citation omitted). *See also In re Casey,* 198 B.R. 910, 916 (appealed judgment can be enforced "by levy and execution on assets of the defendants unless enforcement was stayed by order of a court or by posting a bond on appeal"). Thus, a creditor with a California judgment "could enforce that judgment by levy and execution on assets of the [debtor] unless enforcement was stayed by order of a court or by posting a bond on appeal." *Id.*

---

[1]The Court notes that California courts deny issue preclusion when an appeal is pending. However, the judgment remains enforceable pending appeal unless a bond is paid or the court issues a stay. *See In re Audre, Inc.,* 202 B.R. at 492.

Case 3:09-bk-05337    Doc 343    Filed 01/11/10    Entered 01/11/10 11:44:19    Desc Main
Document      Page 5 of 6

In the present case, it is undisputed that the debtor did not post an appeal bond. Instead, the debtor sought bankruptcy protection while his State Court appeal proceeded. Without an appeal bond, Auerbach's judgment is enforceable under California law, and thus, its claim is allowable under 11 U.S.C. § 502(b)(1). *See In re Casey,* 198 B.R. 910, 917-18 ("debtor wants to use bankruptcy to defeat the state law appeal bond requirement, or alternatively to relitigate the state court trial de novo and bypass the state appellate review process and its applicable standards of review. Neither are legitimate bankruptcy purposes").

## IV. CONCLUSION

Accordingly, the debtor's motion to disallow Auerbach's claim is denied. All other issues are reserved for confirmation.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

6 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:09-bk-05337    Doc 343    Filed 01/11/10    Entered 01/11/10 11:44:19    Desc Main Document    Page 6 of 6