Marian F. Harrison
US Bankruptcy Judge

Dated: 03/05/10



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 309-05337 |
| GREGORY SCOTT DAILY, ) | CHAPTER 11 |
| ) | JUDGE HARRISON |
| Debtor. ) | |

___

## MEMORANDUM OPINION
___

Before the Court is one remaining issue raised by Pinnacle National Bank (hereinafter "Pinnacle") in its Expedited Motion for Protective Order. That issue involves a request by Auerbach Acquisition Associates, Inc. (hereinafter "Auerbach"), during its deposition of a Pinnacle agent, for copies of all correspondence between Pinnacle's attorney, David M. Smythe (hereinafter "Mr. Smythe"), and the debtor's attorney, William L. Norton, III (hereinafter "Mr. Norton").[1]

Counsel for Pinnacle asserted that the request for these communications violates the common interest privilege discussed by Judge William C. Koch, Jr., in *Boyd v. Comdata Network, Inc.,* 88 S.W.3d 203, 213-15 (Tenn. Ct. App. 2002), and/or the work product exception for discovery. When pressed, counsel for Pinnacle abandoned his common interest privilege argument, leaving only Pinnacle's work product objection to the requested

---

[1] During oral argument on the matter, it was unclear whether Auerbach also sought to discover the substance of conversations between the two attorneys in addition to correspondence.

discovery. For the following reasons, the Court finds that the work product exception has been waived.

Federal Rule of Civil Procedure 26(b)(3)(A)[2] provides:

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

>   (i) they are otherwise discoverable under Rule 26(b)(1); and

>   (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The purpose of Rule 26(b)(3) is to protect from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative. ***U.S. v. Roxworthy,*** 457 F.3d 590, 593 (6th Cir. 2006). ***See also In re Prof'ls Direct Ins. Co.,*** 578 F.3d 432, 438 (6th Cir. 2009) (citation omitted).

When asserting the work product exception, the movant must show that the documents in question were prepared "in anticipation of litigation." The test for determining

---

[2] Fed. R. Civ. P. 26 is made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7026 and 9014(c).

whether a document was prepared "in anticipation of litigation" is "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose; and (2) whether that subjective anticipation of litigation was objectively reasonable." *Masi v. DTE Coke Operations, LLC*, No. 06-11592, 2007 WL 2902892, *3 (E.D. Mich. Oct. 1, 2007) (citing *U.S. v. Roxworthy,* 457 F.3d at 594). "[A] party may satisfy its burden of showing anticipation of litigation 'in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories' . . . ." *U.S. v. Roxworthy,* 457 F.3d at 597.

In order to constitute work product, the communications between Mr. Smythe and Mr. Norton must have been "prepared" during litigation or in reasonable anticipation of future litigation. From the record now before the Court, it is not possible to determine whether these communications were in preparation for or in anticipation of litigation. Regardless, the Court finds that any available work product objection was waived. *See Tennessee Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp. (In re Columbia/HCA Healthcare Corp. Billing Practices Litig.),* 293 F.3d 289, 306-307 (6th Cir. 2002) (rejecting selective waiver argument).

In *In re Columbia/HCA*, the Sixth Circuit recognized that the work product exception could be waived if the initial disclosure was to an adversary. *Id*. at 306. Pinnacle asserts

that no waiver could occur because the debtor and Pinnacle are not adversaries. The record indicates otherwise. Here, Pinnacle filed an objection to the debtor's proposed disclosure statement and plan on November 23, 2009, placing Pinnacle in an adversarial position with the debtor. The communications between Mr. Smythe and Mr. Norton occurred after Pinnacle had filed an objection to the debtor's disclosure statement and plan. Accordingly, the Court finds that Pinnacle and the debtor were in fact adversaries, and any applicable work product exception has been waived.

For the foregoing reasons, the Court finds that Pinnacle's Motion for Protective Order based on work product and a common interest privilege should be denied, and upon proper request,[3] Pinnacle's counsel must respond.

Counsel for Auerbach shall prepare an order consistent with this Memorandum Opinion.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

---

[3]At the hearing on this matter, counsel for Pinnacle stated that the request for production occurred during the deposition of a Pinnacle employee. He further stated that the request was only for communications with Mr. Norton involving the deposition and that counsel for Auerbach broadened that request in later correspondence to include communications regarding the automobile loan and the debtor's bankruptcy. The Court takes no position on this disputed issue here. Given this Memorandum Opinion's holding that the communications are discoverable, the Court is optimistic that the dispute can be resolved, either by agreement or by a further formal request for the documents.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.