UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | Case No. 3:09-05337 |
| GREGORY SCOTT DAILY, | ) | Judge Harrison |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing: June 2, 2010 |

## DEBTOR'S RESPONSE TO MOTION FOR RESOLUTION OF DISPUTE OVER ELECTION OF TRUSTEE FILED BY AUERBACH ACQUISITION ASSOCIATES

The Debtor hereby responds to the *Motion for Resolution of Dispute Over Election of Chapter 11 Trustee* (the "Motion") filed by Auerbach Acquisition Associates, Inc. ("Auerbach") as follows:

In the Motion, Auerbach asks the Court to replace the appointed Chapter 11 trustee, Randall Mashburn, with Auerbach's nominee. The Motion is a baseless attempt by Auerbach to relitigate its voting eligibility – a matter already decided by this Court – and should be denied.

1. **The Election Was Not Validly Requested and Should Not Have Been Held.**

On April 29, 2010, a meeting of creditors was convened at Auerbach's request pursuant to Section 1104(b)(1) of the Bankruptcy Code for the purpose of electing a Chapter 11 trustee. While the United States Trustee was required by Section 1104(b)(1) to hold a meeting that had been requested by a "party in interest," the election conducted at that meeting was not validly requested under Section 702(b) of the Bankruptcy Code. Accordingly, no valid election occurred for there to be one in dispute, and Mr. Mashburn should continue to serve as Chapter 11 trustee.

An election pursuant to Section 1104(b)(1) of the Bankruptcy Code is required to be conducted as provided in Section 702(a), (b) and (c) of the Bankruptcy Code. 11 U.S.C. § 1104(b)(1). Section 702(b) of the Bankruptcy Code provides that an election may be held at the creditors meeting if requested by creditors who are eligible to vote under Section 702(a) of the Bankruptcy Code and hold at least 20% of eligible claims under Section 702(a)(1) of the Bankruptcy Code. 11 U.S.C. § 702(b). Just prior to the creditors' meeting, this Court ruled that Auerbach was ineligible under Section 702(a) of the Bankruptcy Code to vote in an election of a Chapter 11 trustee. *See Order Determining That Auerbach Acquisition Associates, Inc. Is Ineligible To Vote To Elect A Chapter 11 Trustee* entered May 5, 2010 (Docket No. 614). As a result, Auerbach was clearly ineligible to request an election. The only other creditor to attend the meeting, Morgan Lewis & Bockius ("Morgan Lewis"), did not intend to request an election if one had not otherwise been requested.[1] Absent an eligible request, no election should have been held.

2. **The Voting Eligibility Of Morgan Lewis Does Not Affect The Outcome.**

In Auerbach's assertion in its Motion that Morgan Lewis was ineligible to vote at the meeting of creditors is irrelevant.[2] Due to Auerbahc's ineligibility either to request, or vote in, any election, this issue cannot affect the outcome of the disputed election. If Morgan Lewis were ineligible, clearly there was no creditor in attendance who could validly request an election and Mr. Mashburn should continue to serve as Chapter 11 trustee. On the other hand, if Morgan

---

[1] Morgan Lewis stated that it would not request an election "but for the requested election by Auerbach". United States Trustee's Report of Disputed Election of a Chapter 11 Trustee Held April 29, 2010 (the "Report") at 3. As discussed above, Auerbach could not have validly requested an election.

[2] Auerbach states that it "properly objected to Morgan Lewis' eligibility to vote at the election". Motion at 3. The basis of the objection made at the meeting was the absence of a written proxy allowing Morgan Lewis' representative to vote at the meeting and not any of the matters raised in the Motion. Report at 2-3.

Case 3:09-bk-05337    Doc 658    Filed 05/27/10    Entered 05/27/10 19:37:27    Desc Main
Document    Page 2 of 6

Lewis were eligible to vote and had requested the election, Mr. Mashburn was duly elected as Chapter 11 trustee by the vote of Morgan Lewis. Report at 4.

3. **The United States Trustee, Not The Debtor, Selected The Chapter 11 Trustee Appointed In This Case.**

Contrary to Auerbach's argument, this Court's prior ruling does not mean that "the Debtor will still have been permitted to select his own trustee if Auerbach's vote is not counted." *See* Motion at 7. The United States Trustee, not the Debtor, selected and appointed Mr. Mashburn as Chapter 11 trustee after consultation with both counsel for the Debtor and counsel for Auerbach, as required by Section 1104(d) of the Bankruptcy Code and as disclosed in its *Application for Order Approving Chapter 11 Trustee* (the "Application") (Docket No. 561). 11 U.S.C. § 1104(d); Application at 1. The Application was approved without objection from Auerbach or any other party by this Court's *Order Approving Selection of Trustee* (Docket No. 570). Any objection Auerbach may now have to the appointment of Mr Mashburn is no basis to permit Auerbach to elect a trustee after this Court has already ruled that it is ineligible to do so under Section 702(a) of the Bankruptcy Code.

4. **Auerbach's entire Motion is so outrageous that grounds exist for sanctions under Bankruptcy Rule 9011**

The positions and arguments made by Auerbach in its Motion are sanctionable for several reasons. First, Auerbach argues that the Court should permit Auerbach to elect a trustee because to rule otherwise would mean that "the Debtor will still have been permitted to select his own trustee if Auerbach's vote is not counted." Auerbach Motion at p. 7. This is the latest example in this case where Auerbach has made allegations that are totally indefensible and can only have been made to "harass or to cause unnecessary delay or needless increase in the cost of litigation" in violation of Bankruptcy Rule 9011(b)(1). Furthermore the allegations are "legal contentions"

that are not "warranted by existing law or by a nonfrivolous argument." Bankruptcy Rule 9011(b)(2). Finally the allegations do not have "evidentiary support." argument totally ignores the selection process established by the Bankruptcy Code that was followed in this case. Bankruptcy Rule 9011(b)(3).

> For example, in support of Auerbach's argument, Auerbach's Motion states that
>
> Daily was unabashed in his efforts to influence the outcome. Daily openly acknowledge his effort to persuade the trustee's office to appoint Mr. Mashburn and even attempted to barter with Auerbach to stipulate to that request.

Auerbach Motion at p. 9. No specifics are stated as to who made that request and to whom it was made. If any such discussion took place, it had to be between counsel for the Debtor and Auerbach and only during settlement discussions that are not discoverable. To make such discussion public in a pleading such as this is totally inappropriate.

> Auerbach goes further by stating as follows:
>
> Daily did not just 'attempt to influence' the election, he determined the outcome and selected his own trustee through his attorney.

Auerbach Motion at p. 7. Again, no facts are alleged that provide a basis for that emphatic statement. Based on that statement, one would conclude that the U.S. Trustee had no role in the selection process at all. Auerbach's argument ignores the fact that the U.S Trustee is required to consult with "parties in interest" before making an appointment. 11 U.S.C. §1104(d). Clearly under §1104, it is the U. S. Trustee who must make the appointment. The U.S. Trustee did so by filing an Appointment of Trustee [Docket # 560] on April 2, 2010. In so doing, the U.S. Trustee is required by statute to consult with parties in interest, including the Debtor. There is nothing inappropriate for the Debtor to discuss his preference with the U.S. Trustee and to imply

Case 3:09-bk-05337    Doc 658    Filed 05/27/10    Entered 05/27/10 19:37:27    Desc Main
Document    Page 4 of 6

otherwise is to make an argument that is not "warranted by existing law." See Bankruptcy Rule 9011(b)(2).

Finally, and perhaps most disturbing, Auerbach's misstates the record before the Court by making the following statement:

> Additionally, Daily's bankruptcy counsel ghostwrote the pleading for Morgan Lewis in attempting to preclude Auerbach from voting. When the ghost writing was revealed in court, Morgan Lewis <u>readily admitted that the pleading it filed was drafted by debtor's bankruptcy counsel</u>. (emphasis added)

Auerbach Motion at p. 9. This is simply not true. Mr. Ahern stated to the Court at the hearing on April 27, 2010 that in his haste to get something filed, he created a new document on his system to copy the cites in the pleading filed by Debtor's counsel. This is not the same as "ghost writing," and counsel for Auerbach knows better.

WHEREFORE for the reasons stated above, the Debtor asserts that the objections made by the U.S. Trustee, the Debtor and Morgan Lewis to the vote by Auerbach at the meeting of creditors held on April 29, 2010, be upheld.

Respectfully Submitted,

*/s/ William L. Norton III*
William L. Norton III
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division St., Suite 700
Nashville, TN 37203
Phone: 615-252-2397
Fax: 615-252-6397
bnorton@babc.com

Attorneys for Debtor

## Certificate of Service

The undersigned hereby certifies that on the 27th day of May, 2010, the foregoing document was automatically served via the Courts electronic filing system to those parties registered to receive electronic filings in this case.

*/s/ William L. Norton III*