IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 3:09-05337 |
| GREGORY SCOTT DAILY, | ) | Judge Harrison |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hearing: June 2, 2010 |

_____

RESPONSE OF CHAPTER 11 TRUSTEE
TO AUERBACH'S MOTION FOR RESOLUTION OF DISPUTE
OVER ELECTION OF CHAPTER 11 TRUSTEE
_____

Randal S. Mashburn, Chapter 11 Trustee in the above-referenced case (the "Trustee"), files this response to the Motion for Resolution of Dispute Over Election of Chapter 11 Trustee filed by Auerbach Acquisition Associates, Inc. ("Auerbach").

The Trustee did not take a formal position or otherwise participate in the initial dispute over the voting rights of Auerbach in connection with the trustee election. However, now that the Court has ruled on the issue, and particularly in light of some of the statements made by Auerbach in the latest motion, the Trustee feels obligated to make four specific points:

1. The most important point is the most obvious – that much of the content of the motion filed by Auerbach addresses matters that are irrelevant to the actual election matter. The simple fact is that, unless this Court reverses its ruling on the right of Auerbach to vote in the election, the election conducted by the U.S. Trustee had no effect on whether the Trustee will continue to serve in that capacity. Even though much of the Auerbach brief is focused on the actions of Morgan Lewis & Brockius ("Morgan Lewis"), the vote of Morgan Lewis had no impact. If Morgan Lewis had not voted at all, the Trustee would still remain as the trustee in this case. A change could not have been made without Auerbach's vote being counted. Since the Court has already ruled on that point, most of Auerbach's latest brief directed at attacking other parties is largely irrelevant.

2. Auerbach continues to raise issues about the Trustee's law firm, but Auerbach has declined to do so in any proceeding that would actually decide the issue. Auerbach seems to look for ways to make snide comments about the Trustee's firm's connections to the Debtor,

creditors and potential targets of litigation – but it apparently lacks the seriousness about the subject to put it before the Court in a direct manner. Auerbach has declined to file a motion to disqualify the Trustee on the basis of any connection to the Debtor or other parties in interest. In addition, Auerbach let the deadline for objections to the employment of the Trustee's law firm pass without filing any objection. So, instead of actually placing the issue squarely before the Court and allowing any disinterestedness question to be resolved in a timely manner, Auerbach instead chooses to attack the Trustee indirectly and take repeated potshots at his law firm. If Auerbach wishes to raise the issue in a serious manner, it should do so. Otherwise, it should refrain from the continued indirect attacks without being willing to seek any actual relevant relief.

3. The Trustee has not been involved in the case long enough to form an opinion as to whether Auerbach's approach to the election matter is reflective of a trend or is an aberration, but the Trustee has noticed an unfortunate and distressing tendency on the part of Auerbach to embellish the facts in connection with this particular issue. Some of those concerns have been raised by the responses filed by Morgan Lewis and the Debtor. Another example is how Auerbach has exaggerated the facts relating to the Trustee's connections to the Debtor and other parties in interest. As it relates to those connections, what Auerbach has done is to take a legitimate question that could have been raised (but that Auerbach was apparently unwilling to raise in a direct and timely way) about any disclosed connections of the Trustee's law firm and to exaggerate those connections and take them out of context[1] so that it can assert conspiracy

---

[1] The Trustee previously disclosed in Court filings that, in conjunction with the ongoing representation of a corporate client, an attorney at the Trustee's law firm handled a transaction involving the exercise of an option by 10 former shareholders of that corporation to sell their residual stock arising out of a merger transaction. Two of members of that group were Greg Daily and Jeff Gould. In subsequent responses to inquiries from Auerbach, the Trustee explained that, even though the client reflected in the firm's data base was the long-time corporate client and the attorney never talked to Daily about the matter, it was probably more technically accurate to say that the firm was representing the group of 10 residual shareholders who actually had the "put" rights to sell their residual stock interests in the corporate client to the new majority shareholder following a merger transaction. In court filings Auerbach has characterized this situation as the firm previously serving as attorney for the Debtor. Even though that was perhaps slightly out of context, it was legally and technically correct since the Debtor was a member of that 10-member group of residual shareholders. However, it seems that each time the matter is discussed, Auerbach puts a further spin on it. In the latest motion, it describes the Trustee's law firm as having "previously represented the Debtor himself along with a group of friends of the Debtor." The Trustee assumes that Gould is probably a friend of Daily, but he has no idea why Auerbach is now describing the group of 10 shareholders as "friends [plural] of the Debtor." They may very well all be Daily's friends, but the Trustee has no idea if they are and it is certainly unclear how Auerbach would know the relationships since their names weren't even mentioned in the prior disclosures. In a separate related court filing -- Auerbach's Motion for Bankruptcy Appellate Panel to Determine Finality of Order, or in the Alternative, Motion to File Interlocutory Appeal (Docket No. 635) -- Auerbach's description of the firm's connections has further morphed into dealings "with the Debtor and his friends *and family*." The Trustee is not aware of any connections to the Debtor's family members that have been previously mentioned in any disclosures. Nevertheless, Auerbach seems undaunted in allowing a disclosure of the firm's connection to a group of corporate shareholders to morph into the previous representation of the Debtor individually and then to further morph into the representation of multiple friends of the Debtor and finally into unspecified dealings with the Debtor's family.

theories involving virtually every other party involved in the case.  It may be that there is some strained interpretation of the facts that could support Auerbach's statements, and perhaps it could be viewed as within the bounds of aggressive advocacy, but the Trustee finds it frustrating that Auerbach seems so comfortable with stretching the facts to support its position.

4. Particularly frustrating to the Trustee is the assertion that the Trustee is the Debtor's hand-picked candidate.  The latest motion talks about how the Debtor "selected his own trustee," ignoring the fact that the Trustee's name had been discussed by both parties since last September.  Indeed, the original mutual interest in the Trustee as a preferred selection likely played a role in the consideration given by the U.S. Trustee of the Trustee as a possible choice.  The Trustee is not privy to all of the discussions that took pace in March of this year about trustee candidates, but the idea that the Trustee was the Debtor's hand-picked trustee seems particularly odd when, in fact, it was Auerbach's own counsel, not the Debtor's counsel, that initially contacted the Trustee about the role months before his selection by the U.S. Trustee.  Indeed, as is clear from the attached e-mail, Auerbach's counsel consulted with Daily's counsel and described the Trustee last September as being "at the top of our respective lists of potential trustees."  Certainly, there is nothing wrong with Auerbach deciding to go a different route when a decision was actually required several months later when the trustee motion was renewed, but it still seems misleading to now make it sound as if the Trustee was the Debtor's hand-picked candidate.  Auerbach had the right to change its mind about its choice of trustee, but it does not have the right to change the facts.

Respectfully Submitted,

*/s/ Randal S. Mashburn*
Randal S. Mashburn
Courtney H. Gilmer
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Tel: (615) 726-7336
Fax: (615) 744-7336
**Email for ECF purposes only:**
businessbknash@bakerdonelson.com
**Email for all other purposes:**
rmashburn@bakerdonelson.com

Counsel for Randal S. Mashburn,Trustee

## Certificate of Service

I hereby certify that on this 28th day of May, 2010, a true and correct copy of the foregoing was served via ECF upon all parties consenting to electronic service in this case.

*/s/ Randal S. Mashburn*
Randal S. Mashburn

| | |
|---|---|
| **From:** | Robert J. Mendes [rjm@mglaw.net] |
| **Sent:** | Wednesday, September 30, 2009 1:43 PM |
| **To:** | Mashburn, Randal |
| **Cc:** | Norton, William L |
| **Subject:** | trustee in Greg Daily case |

Randal,

I talked to Bill last night.  Here is what I think we can say…

My client has a pending motion for appointment of a Ch. 11 trustee.  Bill's client currently intends to file a plan of reorganization that would cause the creation of a liquidation trust that would require a trustee.  Under either scenario, it is possible that a trustee is appointed in this case.

At this time, subject to all of the unknowns of litigation, and the approval of our respective clients at the appropriate time, the approval of any other parties-in-interest that may end up having a say in the matter, and/or the approval of the Court, Bill and I have both expressed that you are currently at the top our respective lists of potential trustees.

Let me know if you'd like to discuss this further.


Bob






**Robert J. Mendes**
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203
615.846.8000 – Main
615.846.9020 – Direct
615.574.6020 – Fax
**www.mglaw.net**

This e-mail may contain PRIVILEGED and CONFIDENTIAL information. Any disclosure, copying, distribution or other use of this information except by the intended recipient(s) is prohibited. If you have received this transmission in error, please delete it and immediately notify the sender by return e-mail. Thank you.