THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-05337 |
| GREGORY SCOTT DAILY, ) | Judge Marian F. Harrison |
| ) | Chapter 11 |
| Debtor. ) | |

**RESPONSE BY IPAYMENT, INC., IPAYMENT HOLDINGS, INC., IPAYMENT GP, L.L.C., IPAYMENT INVESTORS, LP, AND IPAYMENT OF CALIFORNIA, L.L.C. TO LIMITED OBJECTION BY AUERBACH ACQUISITION ASSOCIATES, INC. REGARDING PROPOSED PROTECTIVE ORDER**

iPayment, Inc., iPayment Holdings, Inc., iPayment GP, L.L.C., iPayment Investors, LP, and iPayment of California, L.L.C. (collectively, "**iPayment**") respond as follows to the "Limited Objection to Submitted Protective Order Forbidding Auerbach from Seeking Certain Discovery from the iPayment Entities" [Docket No. 685], filed by Auerbach Acquisition Associates, Inc. ("**Auerbach**") on June 9, 2010.

1. **Sale-Related Discovery**

During the hearing on June 2, 2010 this Court was provided with a copy of a May 7, 2010 letter in which the iPayment Entities agreed (among other things) that "following the public announcement of any Transaction" the Trustee would have discretion to share certain information with creditors. More particularly, the letter provides as follows:

> (c) *following the public announcement of any Transaction*, [the iPayment Entities] will not object to you making available to creditors in the Case, as you deem appropriate, the following documents and information: (i) summary information regarding any process leading to such Transaction, including a chronology, number of parties contacted and number of parties submitting bids in each round of submissions; (ii) copies of all final round bids with respect to such Transaction, subject to redaction of parties' names and any limitations on disclosure under previously executed non-disclosure agreements; (iii) copies of the definitive agreements relating to such Transaction to which any iPayment Entity or any holder of equity of any

> iPayment Entity is a party; and (iv) access to the financial advisor used by the iPayment Entities in connection with such Transaction.

In its Limited Objection and in its proposed Order, Auerbach has sought to alter the foregoing agreement by providing the Trustee with discretion to share confidential information immediately – prior to the public announcement of any Transaction, and without regard to the terms of the May 7 letter or the terms of the agreed Protective Order with the Trustee. The parties did not agree to any such thing during the hearing on June 2, 2010, and the Court did not approve any such thing. To the contrary: the Trustee informed this Court that he had obtained Auerbach's agreement to defer any such provision of information until after the public announcement of a transaction.

The purpose of the proposed Order is to reflect the rulings that actually were made by the Court, not to invite re-argument. The iPayment Entities submit that the first of Auerbach's limited objections is wholly inappropriate.

## 2. **Document Request No. 5**

The proposed Protective Order submitted with the iPayment Entities' original motion for a protective order mistakenly mentioned requests 1 through 5 (rather than requests 1 through 4) of Auerbach's December 23, 2009 document requests. The iPayment Entities have already informed Auerbach's counsel that this was a mistake and that the Protective Order does not limit non-sale related information that might fall within the scope of item 5. In fact, the iPayment Entities completed their document production in response to that request long ago, and no motion to compel ever was made with respect to that request.

## 3. **Information Relating to Other Sales**

The proposed Protective Order refers to "potential" sales and financing transactions. Auerbach asked late yesterday whether this provision was intended to apply to transactions that

were consummated in the past, and the iPayment Entities responded promptly, this morning, by confirming that the proposed Protective Order applies to sale/financing processes now underway but not to transactions that were consummated or considered in the past (which, for purposes of further clarification, the iPayment Entities would be happy to refer to as transactions consummated or considered prior to July 1, 2009).

**4.** **Revised Form of Order**

The iPayment Entities did not believe any changes to the Proposed Order were needed in light of the communications described above, but in light of the Limited Objection the iPayment Entities are filing herewith an amended form of Order (a) which deletes the mistaken reference to document request no. 5, and (b) which confirms that the protective order does not apply to sales/financings that were contemplated or considered prior to July 1, 2009.

Dated: June 9, 2010

    Respectfully submitted,

    HARWELL HOWARD HYNE
    GABBERT & MANNER, P.C.

    /s/ David P. Cañas
    David P. Cañas (BPR #016623)
    315 Deaderick Street, Suite 1800
    Nashville, Tennessee 37238
    (615) 256-0500 - Telephone
    (615) 251-1058 - Facsimile
    dpc@h3gm.com

    and

/s/ Michael E. Wiles (with permission)
Michael E. Wiles
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6103 - Telephone
(212) 521-7103 – Facsimile
mewiles@debevoise.com

*Attorneys for iPayment Investors, L.P., iPayment GP, L.L.C., iPayment Holdings, Inc., iPayment Investors, L.P. and iPayment, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing Response by iPayment, Inc., iPayment Holdings, Inc., iPayment GP, L.L.C., iPayment Investors, LP, and iPayment of California, L.L.C. to Limited Objection by Auerbach Acquisition Associates, Inc. Regarding Proposed Protective Order was served electronically via ECF to the United States Trustee and all parties requesting notice on June 9, 2010.

/s/ David P. Cañas
David P. Cañas